**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. SARBOUKH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>N.J. GOVERNOR PHILIP MURPHY, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 22-1622 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff J. Sarboukh's civil complaint (ECF No. 1), Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1), and Plaintiff's motion seeking appointed counsel (ECF No. 2) in this prisoner civil rights matter. The Court has reviewed Plaintiff's *in forma pauperis* application and finds that leave to proceed without prepayment of fees is warranted. The Court, therefore, grants Plaintiff *in forma pauperis* status in this matter. Having granted Plaintiff *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety, and denies Plaintiff's motion seeking appointed counsel.

**I.　BACKGROUND**

　　Plaintiff is an individual civilly committed to the Special Treatment Unit (STU) in Avenel, New Jersey. (ECF No. 1 at 2–3.) In his complaint, Plaintiff contends that while confined to the

STU, he has been subjected to various forms of harassment, assaults, instances of theft, attacks, and other unfortunate events at the hands of guards and other inmates or detainees who he alleges have targeted him because they are anti-Semitic and he is Jewish.[1] (*Id.* at 5-6.) Plaintiff contends that various incidents between the year 2000 and the present, involving distinct events and different individuals, evidence the anti-Semitic animus at the STU, which Plaintiff believes favors black individuals over others, especially Jews. (*Id.* at 4-7.) As Defendants, Plaintiff names a number of high-level state executive figures – the Governor of New Jersey, the state Attorney General, the Commissioners of the New Jersey Department of Corrections and Department of Health, and a prison administrator. (*Id.* at 1-4.) Plaintiff, however, makes no efforts in his complaint to connect the series of events about which he complains to any of these supervisory Defendants. (*Id.* at 1-7.)

## II.   **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all

---

[1] Plaintiff's complaint is handwritten in a very cramped, compressed style, and contains notes throughout the margins. Plaintiff's allegations are often difficult to read and are frequently cut off by the edges of the paper. As a result, the exact details of the alleged events are not entirely clear. Should Plaintiff choose to file an amended complaint, he should attach additional pages if his allegations do not fit in the lines provided on the form complaint. Plaintiff should also write clearly and legibly.

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against a number of high-level state executive figures based on his belief that he has been exposed to a stream of anti-Semitic events which he believes indicate a pattern of racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff, however, does not actually connect any of the alleged anti-Semitic attacks to any of the named Defendants, none of whom are directly

3

involved in Plaintiff's day-to-day life. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A supervisor may not be held vicariously liable for the actions of his subordinates, and a supervisory defendant will therefore only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Because Plaintiff has failed to plead any facts connecting any of the named Defendants to the events about which he has complained, he has failed to plead facts indicating that any of the named Defendants had personal involvement in those events. As Plaintiff has not pled that any of the named Defendants were personally involved in the alleged wrongs, he has failed to plead a plausible claim for relief, and his complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted. Because this Court dismisses Plaintiff's complaint, it also denies Plaintiff's motion seeking appointed counsel. (ECF No. 2). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (prerequisite for appointment of counsel in civil rights matter are claims of at least arguable merit).

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED**. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE