**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. SARBOUKH,<br><br>Plaintiff,<br><br>v.<br><br>N.J. GOVERNOR PHILIP MURPHY, *et al.*,<br><br>Defendants. | Civil Action No. 22-1622 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff J. Sarboukh's amended complaint (ECF No. 5). As Plaintiff has previously been granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint in its entirety.

**I.    BACKGROUND**

Plaintiff is an individual civilly committed to the Special Treatment Unit (STU) in Avenel, New Jersey. (ECF No. 1 at 2-3; ECF No. 5 at 1.) In his amended complaint, Plaintiff asserts, without sufficient elaboration, that he has been denied the right to fresh air, the right to religious practice, assistance required by the Americans with Disabilities Act, and other constitutional rights. (ECF No. 5 at 1.) Plaintiff also asserts that he has been subject to a number of attacks and had his property stolen on numerous occasions between July 2000 and the present. (*Id.* at 9-10.)

Plaintiff does not explain, however, what actually occurred during these attacks or thefts, many of which happened at the hands of other detainees rather than facility or staff. (*Id.*) Plaintiff also seems to request that the Court order him freed from the STU and transferred to some sort of nursing home or similar setting but does not provide any valid basis for such an action. Plaintiff does not explicitly allege that he was denied Due Process or otherwise had his rights violated during commitment or annual review hearings or the like. (*Id.* at 1-10.) Finally, the Court notes that Plaintiff's amended complaint does not identify any specific Defendants against whom he wishes to raise his claims. The Court thus assumes Plaintiff intends to name the same Defendants identified in Plaintiff's original complaint.

## II.  LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his amended complaint, Plaintiff seeks to raise federal civil rights claims, presumably against the Defendants named in his original complaint, which include a number of high-level state executive figures. As in his original complaint, however, Plaintiff fails in his amended complaint to allege facts that connect any of the alleged attacks, thefts, or other vaguely alleged constitutional or legal violations to any of the Defendants, none of whom are directly involved in Plaintiff's day-to-day life. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A supervisor may not be held vicariously liable for the actions of his subordinates, and a supervisory defendant will therefore only be subject to a civil rights suit where he was

3

directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Because Plaintiff has failed to plead any facts connecting any specific Defendants to the events about which he has complained, he has failed to plead facts indicating that any of the named Defendants had personal involvement in those events. As Plaintiff has not pled that any Defendants were personally involved in the alleged wrongs, he has failed to plead a plausible claim for relief,[1] and his amended complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Although this analysis is sufficient to warrant the dismissal of the entire amended complaint, the Court is compelled to note two further deficiencies that must be addressed should Plaintiff attempt to file a new amended complaint. First, a number of the vaguely alleged incidents about which Plaintiff complained occurred significantly more than two years before the date on which his complaint was filed. As civil rights actions in this District are subject to New Jersey's two-year personal injury statute of limitations, most, if not all, of Plaintiff's claims arising out of conduct which occurred prior to March 2020 are almost certainly time barred. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Plaintiff also seeks to use this civil rights action to challenge his continued commitment to the Special Treatment Unit under New Jersey's Sexually Violent Predator Act. Although a civil committee may use § 1983 to raise challenges to state commitment laws which may result in his receiving a new commitment hearing, he may not use

---

[1] To the extent Plaintiff intended to name any of the individuals involved in his litany of past alleged wrongs, rather than the supervisors he has previously identified as Defendants in his original complaint, as Defendants in this matter, the Court further notes that he has failed to plead anything other than conclusory allegations asserting that he has been wronged to support any claim based upon those incidents. This is insufficient to support a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Any claim against those individuals is therefore likewise dismissed without prejudice for failure to state a plausible claim for relief.

§ 1983 to raise a challenge which would necessarily result in either his release or a finding which implies the invalidity of his continued commitment. *See, e.g., Aruanno v. New Jersey*, 215 F. App'x 157, 158-59 (3d Cir. 2007); *se also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . [committee's civil rights] action is barred (absent prior invalidation [of his period of commitment]) – no matter the relief sought (damages or equitable relief), no matter the target of [his] suit (state conduct leading to [commitment] or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"). Plaintiff may therefore not use § 1983 to challenge his commitment or seek his release to a nursing home or other facility, and instead must file a habeas petition to the extent he wishes to seek his release.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**