**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. SARBOUKH,<br><br>    Plaintiff,<br><br>  v.<br><br>N.J. GOVERNOR PHILIP MURPHY, *et al.*,<br><br>    Defendants. | Civil Action No. 22-1622 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff J. Sarboukh's second amended complaint (ECF No. 8). As Plaintiff has previously been granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's second amended complaint in its entirety.

**I. BACKGROUND**

  Plaintiff is an individual civilly committed to the Special Treatment Unit (STU) in Avenel, New Jersey. (Pl.'s 2d Am. Compl. *5[1], ECF No. 8.) In his operative amended complaint, Plaintiff seeks to raise claims against a number of defendants, including both staff of the STU facility and fellow detainees, for alleged violations of his constitutional rights. (*Id.*) Plaintiff's amended

---

[1] All pages numbers preceded by an asterisk when citing to the record refer to the page numbers listed in the ECF header at the top of the page.

complaint is handwritten, difficult to read, and has many notes scrawled in the margins which are borderline illegible. (*See, e.g., id.* at *7.) This Court discerns the following information from the second amended complaint which is relevant to the claims Plaintiff seeks to raise.

First, Plaintiff alleges that Defendant Annie Motley, a staff member of the STU, provides him only unvaried, vegetarian meals following his requests for kosher meals, and has not provided Plaintiff with meat meals or regular access to kosher juices. (*Id.*) Next, Plaintiff contends that a number of Department of Corrections staff members, including Defendants Blash, Corea-Marti, Persh, Matthews, Daly, and Kounce violated his rights under the Americans with Disabilities Act by not helping him make his bed and clean his room, and by refusing to help him wheel himself out to the yard for fresh air. (*Id.*) Plaintiff also alleges that DOC staff have taken or destroyed various pieces of his personal property, without providing replacements. (*Id.*) Plaintiff also alleges that Defendant Sandra Connelly and the Department of Health staff denied him a new wheelchair with arm and footrests and individualized treatment for two of the four weeks of August 2022. (*Id.* at *10.) Plaintiff further characterizes all of these incidents as being motivated because of his Jewish descent, and asserts, without providing concrete information on similarly situated individuals, that black detainees at the STU are treated better than he is. (*Id.*) In addition, Plaintiff alleges that two of his fellow detainees, Defendants Ken Wynn and Allen Foose, assaulted him on several occasions. (*Id.* at *5, 10-11.) Finally, Plaintiff attempts to connect a number of supervisory Defendants, including the warden, assistant warden, and a number of supervisory corrections officers, to his claims by asserting that they oversaw operations, and in some unspecified or vaguely alleged way, conspired with or acquiesced in the improper actions of their subordinates. (*Id.* at *5-11.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between

3

possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims against a number of Defendants, including several supervisory officials within the facility in which he is housed. Plaintiff attempts to connect the supervisory Defendants—Defendants Chetirkin, Raupp, Crothers, Sumpter, Orange, Booker, and Castero—to his claims by alleging that they in some vague way either acquiesced in the wrongdoing of their subordinates, oversaw their subordinates, or conspired to cause or cover up wrongful action in the STU. (Pl.'s 2d Am. Compl. *5-11.) A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a supervisor may not be held vicariously liable for the actions of his subordinates, a supervisory defendant will only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

A plaintiff must therefore provide explicit factual allegations of how a supervisor was involved in the alleged wrong to state a claim against the supervisor. To the extent a plaintiff seeks to connect a defendant to a claim via allegations of a conspiracy, he must plead the elements of conspiracy – agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim," *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012), and a plaintiff may not show a

4

conspiracy by merely showing that two parties' actions had the same result or were the result of conscious parallelism without evidence supporting agreement and concerted action. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015).

Although Plaintiff provides bare allegations that the supervisory Defendants either conspired to cover up wrongdoings or acquiesced in their subordinates' activities, Plaintiff provides no factual allegations which would actually support those legal conclusions. His claims once again largely depend on the supervisory relationship and the assumption that supervisors must have acquiesced in or conspired to cover up alleged wrongdoings, which is insufficient to set forth either a conspiracy or personal involvement. *Startzell*, 533 F.3d at 205; *Rode*, 845 F.2d at 1207. Plaintiff's claims against the supervisory Defendants must therefore be dismissed without prejudice.

Plaintiff also alleges that various Defendants improperly seized, stole, or destroyed his personal property. (Pl.'s 2d Am. Compl. *7.) "[W]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). As the New Jersey Tort Claims Act amounts to a sufficient post-deprivation remedy, a detained plaintiff in New Jersey may not pursue a civil rights claim based on the improper destruction or theft of his property as Due Process is available to him through a Tort Claims Act claim in state court. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 69-70 (3d Cir. 2014). Plaintiff's claims that the officers stole or destroyed his property without authorization or proper

5

cause fail to state a valid basis for relief as Plaintiff has recourse to the Tort Claims Act, and those claims must be dismissed as such.

Plaintiff next asserts that Defendant Motley, who was tasked with providing kosher meals to him, provided unvaried, vegetarian meals without meat, and occasionally did not provide any kosher juice for lengthy periods of time. "The Free Exercise Clause of the First Amendment prohibits prison officials from denying [a confined individual] 'a reasonable opportunity of pursuing his faith.'" *McCray v. Passaic Cnty. Jail*, No. 13-6975, 2013 WL 6199202, at *2 (D.N.J. Nov. 27, 2013) (quoting *Cruz v. Beto*, 405 U.S. 319, 322, 322 n.2 (1972)). To make out a claim for denial of an individual's free exercise rights, an individual must show that he has a sincerely held religious belief, and the institution's imposition on that belief is not rationally related to a legitimate institutional interest. *Id.* The Third Circuit, however, has held that the provision of vegetarian meals which comply with general religious dietary restrictions, as opposed to religious meals including properly prepared meats, does not violate an individual's free exercise rights. *Id.* at *3; *see also Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003). Although Plaintiff may be unhappy that the meals he has been provided do not contain meat or do not always include a kosher juice, that alone does not make out a constitutional violation. In the absence of further facts indicating that he has been prevented from otherwise exercising his religious rights, Plaintiff fails to set forth a plausible claim for relief. *Williams*, 343 F.3d at 217. Plaintiff's claims against Motley are therefore dismissed without prejudice.

Plaintiff next alleges that a number of corrections officers have denied him aid in preparing his cell and in wheeling him outside for yard time in violation of his rights under the Americans with Disabilities Act. A claim such as the one Plaintiff seeks to make would arise out of one of two sources: Title II of the ADA or Section 504 of the Rehabilitation Act of 1973. *See, e.g., Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 551 (D.N.J. 2000). Plaintiff's

claims, however, are directed at individual officers, and not at a public entity "as the statute requires." *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017). As "individual liability is not contemplated under Title II of the Disability Act and § 504 of the Rehabilitation Act," claims against individual officers such as those Plaintiff seeks to raise are not cognizable under either statute. *Calloway*, 89 F. Supp. 2d at 557; *see also Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019).

Even putting aside the failure to name a public entity as a defendant, however, Plaintiff's ADA and Rehabilitation Act claims suffer from other deficiencies. The "substantive standards for determining liability are the same" under either Act. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019). "To state a claim under either the ADA or the [Rehabilitation Act, a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Id.* at 288-89. Under the Rehabilitation Act, a plaintiff is also required to show that the entity which allegedly discriminated against him received federal funding. *See, e.g., CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013); *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016). To establish causation sufficient to state a claim for relief under the Rehabilitation Act, a plaintiff must plead facts showing that his disability was "the sole cause of discriminatory action" against him, while the ADA instead requires "but for" causation. *Furgess*, 933 F.3d at 291 n.25; *C.G.*, 734 F.3d at 236 n.11. To make out a claim for damages, as opposed to injunctive relief, a plaintiff must show intentional discrimination. *Furgess*, 933 F.3d at 289. Here, although Plaintiff notes that he is in a wheelchair, he does not allege facts directly regarding his injuries sufficient to permit the inference that he has a qualifying disability. Further, Plaintiff has not pled that the refusal of officers to help him make his bed or go out for yard time was related to his disability. Instead, Plaintiff suggests that he is disdained for being Jewish. In the absence of

allegations that injuries Plaintiff suffered were due to or directly related to his disability, Plaintiff has failed to plead a plausible claim for relief under the ADA or Rehabilitation Act, and his ADA claims must be dismissed without prejudice even had he named a proper Defendant.

Plaintiff next alleges that Defendant Connelly denied him a new wheelchair. Plaintiff alleges that his current wheelchair lacks brakes and sufficient arm and footrests. (Pl.'s 2d Am. Compl *10.) Although Plaintiff states that Connelly refused to provide him a new chair, he alleges that the issue between them was over the nature of the new chair, rather than denial of a new chair altogether. (*Id.*) Specifically, Plaintiff alleges that he desires a new chair "of equal value" only, and not one he deems "cheaper." (*Id.*) He appears to acknowledge that he was previously provided with another chair but was unhappy with the smaller wheels on that chair, with which he has previously experienced dry rot issues. (*Id.*) Plaintiff frames this claim as arising under the ADA. As an ADA claim, however, the claim fails for the same reasons discussed above. Specifically, Plaintiff seeks to raise the claim against an individual.[2]

Plaintiff also characterizes his claim, however, as being one of racial discrimination, as he suggests that while he has not been provided the chair he desires, some black detainees are given a new chair "every year," even when not needed. (*Id.*) To make out an Equal Protection claim, a plaintiff must plead facts showing that he was "treated differently from other similarly situated [persons], and that this different treatment was the result of intentional discrimination based on his

---

[2] It is not clear whether Plaintiff also seeks to raise this claim as a claim for deliberate indifference to medical needs. To make out such a claim, however, a plaintiff must plead facts indicating that the defendant knew he had a serious medical need and disregarded that need while acting with at least deliberate indifference. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff does not clearly identify his medical issues but does suggest that he has a medically ordered wheelchair. His allegations, however, suggest that he has been offered a new wheelchair with smaller wheels, but refuses to accept such a chair. That Plaintiff has been offered a new chair, albeit one he does not like, undercuts any assertion that Connelly was deliberately indifferent to his needs, and Plaintiff fails to state a claim for relief to the extent he was attempting to raise a deliberate indifference to medical needs claim.

membership in a protected group." *Watlington ex. rel. FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018). Here, Plaintiff does plead that he is Jewish and that he has been treated differently from those of other races. That said, he has failed to plead that these individuals of other races are "similarly situated." *Id.* Plaintiff provides only scant detail, namely that two specific black inmates received new wheelchairs. (Pl.'s 2d Am. Compl *10.) Plaintiff does not allege that those two detainees are in similar situations to himself. He pleads no facts regarding why they were provided new chairs, what medical conditions they have, or whether they, too, refused new chairs with smaller wheels or accepted such chairs. As Plaintiff has not provided enough detail to permit the inference that these two individuals are similarly situated to Plaintiff, he has failed to plead an equal protection claim, and that claim must therefore be dismissed without prejudice at this time.[3]

Plaintiff also alleges that Connelly and other Department of Health staff do not provide him sufficient treatment to proceed in his sex offender program, specifically alleging that he only received two, as opposed to four, weeks' worth of individual treatment during August 2022. While Courts in this Circuit have recognized that committed sex offenders do have Due Process rights which require that their treatment not be meaningfully curtailed for non-medical reasons, such rights are only impugned where such reductions are for a considerable period of time. *See, e.g., Thomas v. Christie*, 655 F. App'x 82, 85 (3d Cir. 2016); *Leamer v. Fauver*, 288 F.3d 532, 546-47 (3d Cir. 2002); *Thomas v. Adams*, 55 F. Supp. 3d 552, 576 (D.N.J. 2014). Although Plaintiff does allege that he missed two weeks of treatment in August 2022, he does not clearly identify how

---

[3] Plaintiff largely frames his complaint in general as being race-related, *i.e.*, that he suffers while others do not because he is Jewish and the STU provides favorable treatment only to black detainees. Plaintiff does not plead any similarly situated individuals as to any other incident, however, and he therefore fails to state an equal protection claim as to any non-chair related issue as well.

9

much of a reduction he suffered, the reasons for the reduction, or how the specifically named DOH Defendants were involved in the curtailment of that treatment. As such, Plaintiff has failed to plead the direct involvement of the named Defendants and, in any event, has failed to provide sufficient factual allegations to state a claim for relief based on a reduction in treatment. Plaintiff's treatment-related claims are therefore dismissed without prejudice.

In his final series of claims, Plaintiff alleges that two fellow detainees, Allen Foose and Ken Wynn, attacked and/or assaulted him at various times. (Pl.'s 2d Am. Compl *5, 10-11.) These individuals, however, are not state actors and therefore are not proper defendants in a civil rights matter. *See, e.g., Groman v. Township of Manalapan*, 47 F.3d 628, 638-39 (3d Cir. 1995) (finding that §1983 only permits actions against those acting under color of state law, and thus a proper defendant must have acted with a "mantle of authority" provided by state law). Private citizens, such as Plaintiff's fellow prisoners, thus are not proper defendants in a federal civil rights action. Plaintiff's purported civil rights claims against Foose and Wynn are thus dismissed without prejudice as Plaintiff has pled no facts indicating that either acted under color of state law. As all of Plaintiff's claims shall be dismissed without prejudice, Plaintiff's second amended complaint shall be dismissed without prejudice in its entirety. Plaintiff will be provided one final opportunity to file an amended complaint within thirty days.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's second amended complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
UNITED STATES DISTRICT JUDGE